## McCULLOCH v. DOBSON et al.

*(Supreme Court, General Term, Second Department.    July 2, 1891.)*

1. LANDLORD AND TENANT—REPAIRS—EVIDENCE.
    Defendants leased a mill from plaintiff under an agreement that they should receive and return it in good repair.    In an action to recover for failure to keep in repair, defendants counter-claimed for repairs made by them on taking possession. There was evidence that plaintiff had said to defendants, "You get the place put in order, and charge it to me," though the evidence was conflicting as to plaintiff's employment of defendants to put the place in repair.    *Held*, that a judgment for defendants entered on the report of a referee would not be disturbed.

2. REFERENCE—SETTING ASIDE REPORT—MENTAL CONDITION OF REFEREE.
    Plaintiff moved to set aside the report of a referee on the ground that his mind was impaired when he signed the same.    The referee died suddenly from heart disease, six days after closing the report.    Up to two days before his death he attended to business personally without evidence of impairment of intellect, as testified to by his family, clerk, and physician, and lawyers and business men who knew him.    *Held*, that the motion was properly denied.

3. COSTS—TAXATION—EXTRA ALLOWANCE.
    In an action by a landlord to recover $11,500 as damages for injuries to demised premises, defendant set up a counter-claim and recovered a judgment for $2,031. The issues were litigated with great bitterness, and a large number of witnesses called, some of whom were experts.    *Held*, that an extra allowance for costs was properly made to defendants.

Appeal from judgment on report of referee.

Action by Robert McCulloch against John and James Dodson.    From a judgment for defendants, from an order refusing to set aside the report of the referee, and from an order refusing to set aside an extra allowance for costs, plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN, J.

*Benno Loewy,* for appellant.    *George L. Carlisle,* for respondents.

BARNARD, P. J.   On the 4th of September, 1884, the plaintiff leased to the defendants a mill, in Rockland county for the term of two years from 30th of September, 1884.   The lease had a privilege of renewal for an additional term of three years.   The rent was $5,000 a year, payable half yearly in advance. The machinery was included in the leasing, and it was agreed that the premises should be in good repair before the defendants took possession.   The defendants were to keep the demised property in repair, and to surrender at the end of the term in as good state and condition "as reasonable use and wear thereof will permit."   There was a provision in the lease that, if the defendants run the mill overtime, the additional insurance risk should be paid by defendants.   The occupancy was only for the two years.   The action is brought to recover for injury done to the premises and machinery by the neglect of the defendants to keep and perform the covenants as to the repairs of the property.   The claim is a large one, amounting to $11,500.   There is also a claim made for $300 additional insurance by reason of the mill running overtime.   The answer denies the claims in respect to the failure to keep the property in repair, and avers, by way of counter-claim, that the property was not delivered in good repair; that there was false representation made as to the power of the mill; and that the defendants were employed by the plaintiff to make repairs on the premises, and that they did so to the value of $2,500. The action was referred by consent, and the referee has found that the defendants made repairs upon the premises of plaintiff, and are entitled to pay therefor to the amount of $2,413.15; that the property was delivered back to the plaintiff in as good condition as reasonable use would permit, and in a better condition than it was received by the amount of the repairs made by defendants under plaintiff's possession; that there was a failure to deliver $20 worth of the property; that the defendants caused additional insurance to the amount of $362.12; that there was a misrepresentation as to the power of the mill, but that the damage therefor could not be estimated from the proof. The referee gave judgment in favor of the defendants for the sum of $2,031.03, being the balance due them after deducting the insurance and non-returned property.   The findings cover the issues, and all of them.   The requests which were not passed upon are all which respects the evidence which bears upon the issues tried.   The lease is annexed to the defendants' answer, and no finding as to its term was needed.   Whatever finding was proposed by the plaintiff may be considered denied, and no legal injury would result.   The testimony upon the part of defendants is express that the plaintiff told defendant, "You get the place put in order, and charge it to me."   While the evidence is conflicting, there is no such preponderance as will justify an appellate court in setting aside the report.   There is even sufficient evidence to support the finding to be gathered from the very voluminous record which is brought up by the appeal.   The judgment should therefore be affirmed, with costs.

#### ON A MOTION TO SET ASIDE THE REPORT OF THE REFEREE.

BARNARD, P. J.   The referee in this case made his report on the 14th of July, 1888.   He died on the 20th of July, 1888.   A motion was made to set aside his report on the allegations that the referee's mind was impaired when he signed the same.   The proof is overwhelming upon this question in favor of the referee.   Up to two days before his death he attended to a leading business personally, with a mind as sound as it had ever been.   This was established by members of his family, by his leading clerk, by his physician, and by the testimony of lawyers and business men who knew the referee.   While there had been failing health for some time before his death, there was no impairment of intellect, and his death was sudden, at least from heart disease.   The order should be affirmed, with costs and disbursements.

ON A MOTION TO SET ASIDE AN EXTRA ALLOWANCE FOR COSTS TO DEFEND-
ANTS.

BARNARD, P. J.　The order for an extra allowance was properly made.
The issues were litigated with great bitterness, and a large number of wit-
nesses were called.　Some of the questions involved the examination and
cross-examination of expert witnesses.　The attorneys were called upon to ex-
amine these witnesses after careful study of the subject involved in the is-
sues.　The case is therefore one which called for the additional allowance,
and the order should be affirmed, with costs and disbursements.